## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| NORTHSTAR SYSTEMS LLC, § | |
| § | Case No. |
| Plaintiff, § | |
| § | **JURY TRIAL DEMANDED** |
| v. § | |
| § | |
| SHENZHEN ONEPLUS SCIENCE & § | |
| TECHNOLOGY CO., LTD., § | |
| § | |
| Defendant § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NorthStar Systems LLC ("NorthStar" or "Plaintiff") for its Complaint against Defendant Shenzhen OnePlus Science & Technology Co., Ltd. ("OnePlus" or "Defendant") alleges as follows:

## THE PARTIES

1.     NorthStar is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 203 East Travis Street, Marshall, Texas 75670

2.     Upon information and belief, Defendant OnePlus is a corporation organized and existing under the laws of China, with its principal place of business located at 18F, Tairan Building, Block C, Tairan 8th Road, Chegongmiao, Futian District, Shenzhen, Guangdong 518040, China, and may be served pursuant to the provisions of the Hague Convention.  OnePlus is a leading manufacturer and seller of smartphones in the world and in the United States.  Upon information and belief, OnePlus does business in Texas and in the Eastern District of Texas, directly or through its subsidiaries.

## JURISDICTION

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Defendant.  Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States, and thus may be sued in any Judicial District pursuant to 28 U.S.C. § 1391(c)(3).

6.      Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

7.      On October 19, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,817,085 (the "'085 Patent") entitled "Position Privacy in an Electronic Device."   A true and correct copy of the '085 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=7817085.

8.      On February 5, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,327,312 (the "'312 Patent") entitled "Position Privacy in an

Electronic Device."    A true and correct copy of the '312 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=7327312.

9.    On May 6, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,717,231 (the "'231 Patent") entitled "Position Privacy in an Electronic Device."    A true and correct copy of the '231 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=8717231.

10.    On August 12, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,805,416 (the "'416 Patent") entitled "Method and System for Mobile Device Selectively Reporting of GPS Position Information to Others."    A true and correct copy of the '416 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=8805416.

11.    On February 7, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,995,708 (the "'708 Patent") entitled "Local Positioning System." A true and correct copy of the '708 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=6995708.

12.    On July 2, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,478,527 (the "'527 Patent") entitled "Method and System for Displaying Navigation Information and Mapping Content on an Electronic Map."    A true and correct copy of the '527 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=8478527.

13.    On September 6, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,014,943 (the "'943 Patent") entitled "Method and System for Displaying Social Networking Navigation Information."    A true and correct copy of the '943 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=8014943.

14.    On October 4, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,032,297 (the "'297 Patent") entitled "Method and System for Displaying Navigation Information on an Electronic Map."  A true and correct copy of the '297 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=8032297.

15.    NorthStar is the sole and exclusive owner of all right, title, and interest in the '085, '312, '231, '416, '708, '527, '943 and the '297 Patent (the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit.  NorthStar also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

16.    The Patents-in-Suit generally covers systems and methods for tracking physical assets.

17.    The '085 Patent generally discloses a privacy enhancement device for electronic devices such as a handheld phone.  The technology described in the '085 Patent was developed by Scott C. Harris.  By way of example, this technology is implemented today in handheld devices that stores navigation information on a user interface through the use of labels.

18.    The '312 Patent generally discloses the use of a remote server to process and send location information regarding a local element.  The technology described in the '312 Patent was developed by Scott C. Harris.  By way of example, this technology is implemented today in handheld devices that use remote servers to process location information regarding the handheld device.

19.     The '231 Patent generally discloses a device which prevents current location information from being transmitted in response to enabling privacy mode.  The technology described in the '231 Patent was developed by Scott C. Harris.  By way of example, this technology is implemented today in handheld devices to prevent the transmission of current location information in privacy mode.

20.     The '416 Patent generally discloses a method for a mobile device to communicate with a remote source over a wireless network in the presence of GPS signal interference.  The technology described in the '416 Patent was developed by Scott C. Harris.  By way of example, this technology is implemented today in handheld devices that communicate wirelessly with a remote source to obtain location information.

21.     The '708 Patent generally discloses a method for determining the position of a device by determining using earth-based positioning instead of satellite-based positioning when available.  The technology described in the '708 Patent was developed by Dominik J. Schmidt of Gallitzin Allegheny LLC.  By way of example, this technology is implemented today in handheld devices that determine whether earth-based media are available and using the earth-based media for location information instead of a satellite-based media.

22.     The '527, '943, and '297 Patents generally disclose methods for the displaying and generating object vector indicators referenced on an electronic map.  The technology described in the '527, '943, '297 Patents was developed by Gabriel Jakobson.  By way of example, this technology is implemented today in handheld devices that generate electronic maps based on received user input which display object vector indicators.

23.     OnePlus has infringed and is continuing to infringe the Patents-in-Suit by making, using, offering to sell, selling, and/or importing mobile phones and tablets what utilize the accused

functionality including but not limited to the OnePlus 6, OnePlus 6T, OnePlus 7, OnePlus 7T, OnePlus 7T Pro, OnePlus 8T, OnePlus 8 Pro, OnePlus 7T, OnePlus N10 5G, OnePlus N100.

## COUNT I
### (Infringement of the '085 Patent)

24.    Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

25.    NorthStar has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '085 Patent.

26.    Defendant has and continues to directly infringe the '085 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '085 Patent.  Such products include at least the OnePlus 6, OnePlus 6T, OnePlus 7, OnePlus 7T, OnePlus 7T Pro, OnePlus 8T, OnePlus 8 Pro, OnePlus 7T, OnePlus N10 5G, OnePlus N100 which come preinstalled with the Android operating system:



Performance

Operating System: OxygenOS based on Android™ 11
CPU: Qualcomm® Snapdragon™ 865
5G Chipset: X55
GPU: Adreno 650
RAM: 8GB/12GB LPDDR4X
Storage: 128GB/256GB UFS 3.1 2-LANE
Battery: 4,500 mAh (2S1P 2,250 mAh, non-removable)
Warp Charge 65 (10V/6.5A)

27.    For example, Defendant has and continues to directly infringe at least claim 1 of the '085 Patent by making, using, offering to sell, selling, and/or importing into the United States

---

[1] https://www.oneplus.com/8t/specs.

products that include a portable device with a user interface, which provides descriptive and navigation information about a stored location.

28.    For example, the Accused Products include a portable device, such as the OnePlus 8T, having a position sensing part therein, which is actuated to determine a current position of a device:



### Positioning

GPS (L1+L5 Dual Band), GLONASS, Galileo (E1+E5a Dual Band), Beidou, A-GPS [2]

29.    The Accused Products also comprise a user interface, such as the OnePlus 8T touchscreen operating on Android OS, having a first control which is activated for storing a current position of the device as a stored location, and having a second control that provides a label for the stored location as stored in response to activating said first control, said label providing descriptive information about said stored location that was stored in response to activating said first control:

---

[2] *Id.*

## Pin directions to home or work

1. On your Android phone or tablet, open the Google Maps app 📍 . Set your home and work addresses, if you haven't already.
2. Tap Directions ◈ .
3. Select your mode of transportation.
4. Tap **Home** or **Work**.
5. Tap on Pin 📌 at the bottom of the screen.

You can find your pinned trips on the Go 🚊 tab with ETA and traffic information for that trip. Learn more about your favorite trips.

## Hide your regular route

If your Location History is turned on, directions will sometimes show your usual way home or to work. You can hide your regular route in Google Maps at any time.

1. Tap your profile picture or initial 👤 ＞ Settings ＞ **Personal content**.
2. To hide the routes, turn off **Regular routes**.

## Pick your favorite icon for home or work

1. On your Android phone or tablet, open the Google Maps app 📍 .
2. Tap Saved 🔖 . Under "Your lists," tap **Labeled**.
3. Next to "Home" or "Work," tap More ⋮ ＞ **Change icon**.
4. Tap a new icon for your home or work from the list.
5. Tap **Save**.

[3]

30.     The Accused Products also provide navigation information from said current position to said stored location responsive to selecting said stored location as a destination for navigation, where said navigation information includes directions to said stored location.

31.     Defendant has and continues to indirectly infringe one or more claims of the '085 Patent by knowingly and intentionally inducing others, including OnePlus's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as OnePlus mobile devices.

---

[3] https://support.google.com/maps/answer/3093979?co=GENIE.Platform%3DAndroid&hl=en

32.    Defendant, with knowledge that these products, or the use thereof, infringe the '085 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '085 Patent by providing these products to end users for use in an infringing manner.

33.    Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '085 Patent, but while remaining willfully blind to the infringement.

34.    NorthStar has suffered damages as a result of Defendant's direct and indirect infringement of the '085 Patent in an amount to be proved at trial.

35.    NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '085 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

<u>**COUNT II**</u>
**(Infringement of the '312 Patent)**

36.    Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

37.    NorthStar has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '312 Patent.

38.    Defendant has and continues to directly infringe the '312 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '312 Patent.  Such products include at least the OnePlus 6, OnePlus 6T, OnePlus 7, OnePlus 7T, OnePlus 7T Pro, OnePlus 8T, OnePlus 8 Pro,

OnePlus 7T, OnePlus N10 5G, OnePlus N100 which come preinstalled with the Android operating system.

39.    For example, Defendant has and continues to directly infringe at least claim 1 of the '312 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include OnePlus mobile handheld devices and tablets which come preinstalled with the Android operating system.

40.    For example, The Accused Products, such as the OnePlus 8T, comprise a portable computer having a processor, an information detection part and a communication part.

41.    The Accused Products, such as the OnePlus 8T, contains a portable computer that is responsible for acquiring at least a plurality of items of information that are sensed by said information detection part, and upon information and belief, said communication part communicating information indicative of said plurality of items of information to a remote server, and said communication part obtaining current position information, indicative of a user's current position, which position information is based on response from said remote server.

42.    Defendant, with knowledge that these products, or the use thereof, infringe the '312 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '312 Patent by providing these products to end users for use in an infringing manner.

43.    Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '312 Patent, but while remaining willfully blind to the infringement.

44.    NorthStar has suffered damages as a result of Defendant's direct and indirect infringement of the '312 Patent in an amount to be proved at trial.

45.    NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '312 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT III
### (Infringement of the '231 Patent)

46.    Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

47.    NorthStar has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '231 Patent.

48.    Defendant has and continues to directly infringe the '231 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '231 Patent.  Such products include at least the OnePlus 6, OnePlus 6T, OnePlus 7, OnePlus 7T, OnePlus 7T Pro, OnePlus 8T, OnePlus 8 Pro, OnePlus 7T, OnePlus N10 5G, OnePlus N100 which come preinstalled with the Android operating system.

49.    For example, Defendant has and continues to directly infringe at least claim 1 of the '231 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include OnePlus mobile handheld devices and tablets which come preinstalled with the Android operating system.

50.    For example, The Accused Products, such as the OnePlus 8T operating on the Android Operating System, comprise means for detecting information indicative of a current

location of the apparatus, a means for determining the current location based, at least in part on the detected information, a means for transmitting current location information:

| Connectivity | LTE/LTE-A |
| --- | --- |
| | 4×4 MIMO, Supports up to DL Cat 20/UL Cat 18 (2.0Gbps /200Mbps), depending on carrier support |
| | **Band** |
| | GSM: B2, 3, 5, 8 |
| | WCDMA: B1, 2, 4, 5, 8, 9, 19 |
| | CDMA: BC0, 1, 10 |
| | LTE-FDD: B1, 2, 3, 4, 5, 7, 8, 12, 13, 17, 18, 19, 20, 25, 26, 28, 29, 30, 66, 71 |
| | LTE-TDD: B34, 38, 39, 40, 41, 46, 48 |
| | 5G NSA: N2, 5, 25, 41, 66, 71 |
| | 5G SA: N41, 71, 2, 25, 66 |
| | MIMO: LTE: B2, 4, 25, 66, 41, 48; NR: N2, 66, 41, 25 |
| | **Wi-Fi** |
| | 2×2 MIMO, Support 2.4G/5G, Support WiFi 802.11 a/b/g/n/ac/ax |
| | **Bluetooth** |
| | Bluetooth 5.1, support aptX & aptX HD & LDAC & AAC |
| | **NFC** |
| | NFC enabled |
| | **Positioning** |
| | GPS (L1+L5 Dual Band), GLONASS, Galileo (E1+E5a Dual Band), Beidou, A-GPS |

4

51.    The Accused Products, such as the OnePlus 8T operating on the Android operating System, further comprise a means for enabling privacy mode, wherein the current location information is prevented from being transmitted in response to the privacy mode being enabled.

---

4 https://www.oneplus.com/8t/specs.

52.     Defendant, with knowledge that these products, or the use thereof, infringe the '231 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '231 Patent by providing these products to end users for use in an infringing manner.

53.     Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '231 Patent, but while remaining willfully blind to the infringement.

54.     NorthStar has suffered damages as a result of Defendant's direct and indirect infringement of the '231 Patent in an amount to be proved at trial.

55.     NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '231 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

### COUNT IV
### (Infringement of the '416 Patent)

56.     Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

---

[5] https://support.google.com/accounts/answer/3467281?hl=en.

57.    NorthStar has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '416 Patent.

58.    Defendant has and continues to directly infringe the '416 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '416 Patent.  Such products include at least the OnePlus 6, OnePlus 6T, OnePlus 7, OnePlus 7T, OnePlus 7T Pro, OnePlus 8T, OnePlus 8 Pro, OnePlus 7T, OnePlus N10 5G, OnePlus N100 which come preinstalled with the Android operating system.

59.    For example, Defendant has and continues to directly infringe at least claim 1 of the '416 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include OnePlus mobile handheld devices and tablets which come preinstalled with the Android operating system.

60.    For example, The Accused Products, such as the OnePlus 8T operating on the Android Operating System, upon information and belief, utilize a method for receiving information about current a current location of a mobile communication device, wherein the information about the current location includes global position system (GPS) information; detecting by the mobile communication device, signal interference; generating, by the mobile communication device, an indication of the signal interference, communication, by the mobile communication device, with a remote source over a wireless network, wherein said communication comprises sending both the indication of the signal interference and the GPS information from the mobile communication device to the remote source; receiving, by the mobile communication device navigation information from the remote source in response to sending both

the indication of the signal interference and the GPS information, wherein the navigation information comprises data for plotting a course on a map including the current location of the mobile communication device; and displaying by the mobile communication device, the map based on the navigation information.

61.    For example, the Accused Products such as the OnePlus 8T use GPS with Assisted GPS:

Positioning

GPS (L1+L5 Dual Band), GLONASS, Galileo (E1+E5a Dual Band), Beidou, A-GPS [6]

62.     Defendant, with knowledge that these products, or the use thereof, infringe the '416 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '416 Patent by providing these products to end users for use in an infringing manner.

63.    Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '416 Patent, but while remaining willfully blind to the infringement.

64.    NorthStar has suffered damages as a result of Defendant's direct and indirect infringement of the '416 Patent in an amount to be proved at trial.

65.    NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '416 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

---

[6] https://www.oneplus.com/8t/specs.

## COUNT V
### (Infringement of the '708 Patent)

66.     Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

67.     NorthStar has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '708 Patent.

68.     Defendant has and continues to directly infringe the '708 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '708 Patent.  Such products include at least the OnePlus 6, OnePlus 6T, OnePlus 7, OnePlus 7T, OnePlus 7T Pro, OnePlus 8T, OnePlus 8 Pro, OnePlus 7T, OnePlus N10 5G, OnePlus N100 which come preinstalled with the Android operating system.

69.     For example, Defendant has and continues to directly infringe at least claim 1 of the '708 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include OnePlus mobile handheld devices and tablets which come preinstalled with the Android operating system.

70.     For example, The Accused Products, such as the OnePlus 8T operating on the Android Operating System, upon information and belief, performs a method to determine position of a user, comprising sniffing for one or more earth-based media with a mobile device; and if the one or more earth-based media is present, using an earth-based positioning system receiving of the mobile device selected from one of a short-range wireless receiver of the mobile device and a cellular receiver of the mobile device to determine the position, otherwise using a satellite-based positioning system receiver of the mobile device to determine the position only if the one or more earth-based media are not present, using code of the mobile device to fix the mobile device to favor

use of the earth based positioning system receiver over the satellite-based positioning system receiver.

71.    For example, the Accused Products such as the OnePlus 8T use GPS with Assisted GPS:



72.    Defendant, with knowledge that these products, or the use thereof, infringe the '708 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '708 Patent by providing these products to end users for use in an infringing manner.

73.    Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '708 Patent, but while remaining willfully blind to the infringement.

74.    NorthStar has suffered damages as a result of Defendant's direct and indirect infringement of the '708 Patent in an amount to be proved at trial.

75.    NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '708 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT VI
### (Infringement of the '527 Patent)

76.    Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

---

[7] https://www.oneplus.com/8t/specs.

77.    NorthStar has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '527 Patent.

78.    Defendant has and continues to directly infringe the '527 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '527 Patent.  Such products include at least the OnePlus 6, OnePlus 6T, OnePlus 7, OnePlus 7T, OnePlus 7T Pro, OnePlus 8T, OnePlus 8 Pro, OnePlus 7T, OnePlus N10 5G, OnePlus N100 which come preinstalled with the Android operating system.

79.    For example, Defendant has and continues to directly infringe at least claim 1 of the '527 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include OnePlus mobile handheld devices and tablets which come preinstalled with the Android operating system.

80.    For example, The Accused Products, such as the OnePlus 8T operating on the Android Operating System, performs a method for displaying object vector indicators and mapping-media content, referencing map-objects on an electronic map, comprising obtaining a map-object from a mapping service; determining that coordinates of the map-object are not within a selected area of the electronic map; computing distance and travel related information to the map-objects; displaying an object vector indicator containing the distance and travel-related information; receiving user input selecting the object vector indicator; retrieving mapping-media contention associated with the selected object vector indicator; and displaying the mapping-media-content.

81.     Defendant, with knowledge that these products, or the use thereof, infringe the '527 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '527 Patent by providing these products to end users for use in an infringing manner.

82.     Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '527 Patent, but while remaining willfully blind to the infringement.

83.     NorthStar has suffered damages as a result of Defendant's direct and indirect infringement of the '527 Patent in an amount to be proved at trial.

84.     NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '527 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

---

[8] https://developers.google.com/maps/documentation/urls/get-started.

## COUNT VII
### (Infringement of the '943 Patent)

85.     Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

86.     NorthStar has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '943 Patent.

87.     Defendant has and continues to directly infringe the '943 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '943 Patent.  Such products include at least the OnePlus 6, OnePlus 6T, OnePlus 7, OnePlus 7T, OnePlus 7T Pro, OnePlus 8T, OnePlus 8 Pro, OnePlus 7T, OnePlus N10 5G, OnePlus N100 which come preinstalled with the Android operating system.

88.     For example, Defendant has and continues to directly infringe at least claim 1 of the '943 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include OnePlus mobile handheld devices and tablets which come preinstalled with the Android operating system.

89.     For example, The Accused Products, such as the OnePlus 8T operating on the Android Operating System, performs a method for displaying object vector indicators referencing social-network map-objects on an electronic map, comprising: providing an electronic device having a map-display application that is coupled to a mapping service, a social-network and a display for displaying a selected area of the electronic map; authenticating to the social network; obtaining from the social network the map-object; determining that coordinates of the map-object are not within the selected area of the electronic map; computing distance and travel-related information from a location within the selected area of the electronic map to the map-object;

computing a placement position of an object vector indicators referencing the map-object on the map-display application; creating the object vector indicators containing the distance and travel-related information; displaying the object vector indicators on the display at the computed placement position; receiving user input selecting the object vector indicators; displaying a secondary area of the electronic map, wherein the secondary area is a region of the electronic map centered approximately around the map-object; and displaying the map-object approximately at the center of the secondary area.



9

| Scroll (pan) gestures |
|---|
| A user can scroll (pan) around the map by dragging the map with their finger. You can disable scrolling by calling `UiSettings.setScrollGesturesEnabled(boolean)`. |

10

---

[9] https://developers.google.com/maps/documentation/urls/get-started.
[10] https://developers.google.com/maps/documentation/android-sdk/controls#:~:text=A%20user%20can%20scroll%20(pan,disable%20scrolling%20by%20calling%20UiSettings.

90.     Defendant, with knowledge that these products, or the use thereof, infringe the '943 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '943 Patent by providing these products to end users for use in an infringing manner.

91.     Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '943 Patent, but while remaining willfully blind to the infringement.

92.     NorthStar has suffered damages as a result of Defendant's direct and indirect infringement of the '943 Patent in an amount to be proved at trial.

93.     NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '943 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT VIII
### (Infringement of the '297 Patent)

94.     Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

95.     NorthStar has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '297 Patent.

96.     Defendant has and continues to directly infringe the '297 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '297 Patent.  Such products include at least the OnePlus 6, OnePlus 6T, OnePlus 7, OnePlus 7T, OnePlus 7T Pro, OnePlus 8T, OnePlus 8 Pro,

OnePlus 7T, OnePlus N10 5G, OnePlus N100 which come preinstalled with the Android operating system.

97.    For example, Defendant has and continues to directly infringe at least claim 1 of the '297 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include OnePlus mobile handheld devices and tablets which come preinstalled with the Android operating system.

98.    For example, The Accused Products, such as the OnePlus 8T operating on the Android Operating System, comprise A method for displaying object vector indicators referencing map-objects on an electronic map, comprising: providing an electronic device having a map-display application that is coupled to a mapping service and a display for displaying a selected area of the electronic map; determining that coordinates of the map-objects are not within the selected area of the electronic map; computing distance and travel-related information from a location within the selected area of the electronic map to the map-objects; computing a placement position of an object vector indicators referencing the map-objects on the map-display application; creating the object vector indicators containing the distance and travel-related information; displaying the object vector indicators on the display at the computed placement position; receiving user input selecting the object vector indicators; displaying a secondary area of the electronic map, wherein the secondary area is a region of the electronic map centered approximately around the map-objects; and displaying the map-objects approximately at the center of the secondary area.

99.     Defendant, with knowledge that these products, or the use thereof, infringe the '297 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '297 Patent by providing these products to end users for use in an infringing manner.

100.    Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '297 Patent, but while remaining willfully blind to the infringement.

101.    NorthStar has suffered damages as a result of Defendant's direct and indirect infringement of the '297 Patent in an amount to be proved at trial.

102.    NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '297 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

---

[11] https://developers.google.com/maps/documentation/urls/get-started.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, NorthStar prays for relief against Defendant as follows:

a.      Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patents-in-Suit;

b.      An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of the Patents-in-Suit;

c.      An order awarding damages sufficient to compensate NorthStar for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d.      Entry of judgment declaring that this case is exceptional and awarding NorthStar its costs and reasonable attorney fees under 35 U.S.C. § 285; and,

e.      Such other and further relief as the Court deems just and proper.

Dated: December 15, 2020                     Respectfully submitted,

                                         /s/ *Vincent J. Rubino, III*
                                        Alfred R. Fabricant
                                        NY Bar No. 2219392
                                        Email: ffabricant@fabricantllp.com
                                        Peter Lambrianakos
                                        NY Bar No. 2894392
                                        Email: plambrianakos@fabricantllp.com
                                        Vincent J. Rubino, III
                                        NY Bar No. 4557435
                                        Email: vrubino@fabricantllp.com
                                        **FABRICANT LLP**
                                        230 Park Ave, 3rd Fl. W.
                                        New York, NY 10169
                                        Telephone: (212) 257-5797

Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
830 Morris Turnpike
Short Hills, NJ, 07078
Telephone: (973) 535-0920
Facsimile: (973) 535-0921

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

**ATTORNEYS FOR PLAINTIFF
NORTHSTAR SYSTEMS LLC.**